OPINION
{¶ 1} Brandon R. Bailey appeals from the judgment of the Portage County Court of Common Pleas, which denied his motion to vacate his guilty pleas and from the judgment entry of sentence. We affirm.
 {¶ 2} Appellant was indicted on four counts of rape, R.C.2907.02(A)(2) and one count of kidnapping, R.C. 2905.01(A)(4). Appellant pleaded not guilty and the matter proceeded to a jury trial. Following two days of presentation of the state's evidence, appellant enter a written guilty plea to one count of rape and one count of kidnapping. The trial court held a plea hearing, accepted appellant's guilty pleas to the two counts, and entered a nolle prosequi on the remaining counts. The trial court ordered a presentence investigation and scheduled a sentencing hearing for August 23, 2004. On August 20, 2004, appellant moved to continue the sentencing hearing. For cause, appellant stated, "* * * recent developments in the pending trial of [c]o-defendant, Josh Ely, give the defense reason to consider filing a [m]otion to [w]ithdraw the [d]efendant's previously entered guilty plea." The trial court granted appellant a continuance and rescheduled the sentencing hearing for September 2, 2004.
 {¶ 3} On August 31, 2004, appellant moved to withdraw his guilty pleas, citing ineffective assistance of counsel. Appellant contended his trial counsel failed to investigate his case properly and failed to uncover evidence with which to impeach the victim's credibility and establish a defense.
 {¶ 4} The trial court held a hearing on appellant's motion and found it to be without merit. Appellant filed a motion to reconsider, which was also denied. Following a hearing, the trial court sentenced appellant to an eight-year prison term. Appellant filed a timely appeal from the trial court's judgments asserting three assignments of error for our review:
 {¶ 5} "[1.] The trial court erred to the prejudice of appellant in overruling his motion to withdraw his pleas prior to sentencing."
 {¶ 6} "[2.] Defendant-appellant was denied the effective assistance of counsel as guaranteed by the Sixth andFourteenth Amendments to the U.S. Constitution and Article I, Section X of the Ohio Constitution."
 {¶ 7} "[3.] The trial court erred to the prejudice of appellant in sentencing him to eight (8) years in prison in violation of Ohio's sentencing statute."
 {¶ 8} We first address appellant's second assignment of error.
 {¶ 9} When we review an ineffective assistance claim, the benchmark is, "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v.Washington (1984), 466 U.S. 668, 686. To prevail on this claim appellant must show his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by theSixth Amendment." Id. at 687. He must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Appellant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We presume that counsel's conduct was within the wide range of reasonable professional assistance. Id. See, also,State v. Bradley (1989), 42 Ohio St.3d 136, 142.
 {¶ 10} We need not address the two prongs of appellant's ineffective assistance claim in the order set forth inStrickland.
 {¶ 11} "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."Strickland, at 69.
 {¶ 12} Because the instant case involves a guilty plea, to prevail on his ineffective assistance claim, appellant must show his counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." State v. Xie (1992),62 Ohio St.3d 521, 524, quoting Hill v. Lockhart (1985), 474 U.S. 52, 59.
 {¶ 13} In the instant case, appellant first argues his trial counsel was ineffective when he failed to investigate the victim's employment history. Appellant argues that had his counsel investigated the victim's employment history he could have impeached her testimony by showing she was fabricating the rape allegations to avoid being fired from her job for excessive tardiness or absenteeism. Appellant argues such evidence was presented at the trial of his co-defendant and resulted in an acquittal. Appellant contends that had he known of this evidence he would not have pleaded guilty.
 {¶ 14} Hindsight cannot be used to distort the assessment of what was reasonable in light of counsel perspective at the time.State v. Cook (1992), 65 Ohio St.3d 516, 524-525. Further, in our view, any conclusions as to what effect the omitted evidence would have had on a jury is pure speculation. Nothing can be gleaned from the co-defendant's acquittal.
 {¶ 15} The record establishes appellant's counsel investigated this case thoroughly, including employing an investigator, Tom Pavlish. As part of his investigation, Pavlish interviewed potential witnesses, including the victim's supervisor. Because of this investigation, defense counsel developed reasons to questions the victim's integrity but was unable to develop a theory as to why the victim would fabricate the charges at issue. Defense counsel testified his investigation did not find any admissible evidence with which to impeach the victim. Appellant's trial counsel also testified he believed his recommendation that appellant accept the plea deal was proper, given the information he had at the time.
 {¶ 16} It was not until the co-defendant's trial that defense counsel learned of the employment records that arguably presented a theory as to the victim's motive for fabricating the allegations.
 {¶ 17} The record establishes both appellant and his counsel, despite their protestations otherwise, fail to appreciate the differences in appellant's and his co-defendant's cases. Appellant had made statements to the police that inculpated him in the crimes. He stated, "* * * she was behind me when we went down the hallway, I had her by the hand, went all the way down the hallway, had her by the wrist." Appellant stated that the victim said, "No. I don't want to go back there." Appellant also made the following statement to investigators, "We raped her, forced her to have sex with us, there is no other way to answer it." Appellant also said, "I stick my finger in her ass and she said no." The co-defendant made no such inculpating statements.
 {¶ 18} Appellant has not proven that a reasonable probability exists he would not have pleaded guilty had his counsel discovered the victim's employment records. Appellant's counsel testified the trial was going badly and appellant was likely facing conviction on all counts. While arguably the employment record evidence would have impeached the victim's testimony, such evidence, viewed in the context of this case (and not in the context of the co-defendant's case) would not have been sufficient to cause appellant to continue the trial.
 {¶ 19} "`The failure to present the testimony of a witness or other evidence at trial is not a substantial violation of an essential duty to a defendant unless it is shown that the evidence would have assisted the defense.'" State v. Farris,
2nd Dist. No. 2003 CA 77, 2004-Ohio-5980, ¶ 59, quoting State v.Payne (Mar. 1, 1996, Greene App. No. 95C-A-49, 1996 Ohio App. LEXIS 760. While appellant and his counsel speculate this evidence would have assisted his defense, given the admissions made by appellant, we cannot say it would have done so. We certainly cannot reach any such conclusion based on the outcome of the trial of appellant's co-defendant.
 {¶ 20} Appellant next argues his counsel was ineffective for failing to advise him of the possibility of entering anAlford[1] plea; however, appellant fails to demonstrate how such failure caused him prejudice.
 {¶ 21} Also, under this assignment of error, appellant argues his counsel was ineffective for advising him not to make any statements for the presentence report. Appellant argues his failure to make a statement for the presentence report precluded him from presenting his side of the story to the trial court. We disagree. Appellant had an opportunity to address the court prior to the imposition of sentence and did so. Appellant's second assignment of error is without merit.
 {¶ 22} Finally, we note that the trial court had the opportunity to observe appellant's counsel's performance first hand and found counsel to be "competent and able." Nothing in the record calls this determination into question.
 {¶ 23} In his first assignment of error, appellant argues the trial court erred in denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel, he maintained his innocence throughout the proceedings, and he had a valid defense to the charges.
 {¶ 24} The general rule is that motions to withdraw guilty pleas before sentencing are to be treated liberally and freely allowed. Xie, supra at 526. However, "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Xie, supra at paragraph two of the syllabus.
 {¶ 25} Further, the Ohio Supreme Court has held that "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus.
 {¶ 26} We apply the four-factor test set forth in State v.Peterseim (1980) 68 Ohio App.2d 211, to determine whether a trial court has abused its discretion in denying a motion to withdraw a plea. State v. Gomez (Dec. 5, 1997), 11th Dist. No. 97-L-021, 1997 Ohio App. LEXIS 5450, 6; State v. Patt, 11th Dist. No. 2002-L-073, 2004-Ohio-2601, at ¶ 10. These factors are (1) did the trial court follow Crim.R. 11 and ensure the defendant understood his rights and voluntarily waived those rights by pleading guilty; (2) was the defendant represented by highly competent counsel; (3) was the defendant given a hearing wherein he could assert all arguments supporting his motion to withdraw the plea; and (4) did the trial court give careful consideration to the merits of the defendant's motion?Petersiem, at 211.
 {¶ 27} In the instant case, the record establishes the trial court followed Crim.R. 11 and ensured appellant understood his rights and voluntarily waived them. Highly competent counsel who had fourteen years experience handling criminal cases represented appellant. The trial court conducted a full hearing on the motion to withdraw and carefully and extensively considered appellant's arguments.
 {¶ 28} With respect to appellant's specific arguments, we have already determined appellant did not receive ineffective assistance of counsel; therefore, this argument is without merit.
 {¶ 29} Appellant, relying on State v. Young, 2nd Dist. No. 2003 CA 89, 2004-Ohio-5794, argues the trial court should have granted his motion to withdraw because he had a complete defense to the charges. We disagree. The record establishes that, at best, appellant had discovered additional evidence that would have impeached the credibility of the victim. This does not amount to evidence of a complete defense.
 {¶ 30} Finally, appellant argues the trial court should have granted his motion because he continuously maintained his innocence. However, this is not sufficient grounds to warrant reversal of the trial court's decision.
 {¶ 31} Appellant has failed to demonstrate that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. Appellant's first assignment of error is without merit.
 {¶ 32} In appellant's third assignment of error, he argues the trial court erred in imposing an eight-year sentence. We disagree.
 {¶ 33} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, 3. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 34} Appellant was sentenced for a first-degree felony. A presumption in favor of prison time existed under R.C.2929.13(D). Thus, appellant faced a prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). Appellant had not previously served a term of imprisonment, so the trial court was required to impose the minimum sentence unless it found, on the record at the sentencing hearing, that the shortest prison term would demean the seriousness of appellant's conduct or not adequately protect the public from future crime by appellant or others. R.C. 2929.14(B)(2).
 {¶ 35} R.C. 2929.12(A) requires the court to consider certain factors set forth in R.C. 2929.12(B), (C), (D), and (E), when imposing a sentence. The trial court applied these factors and found appellant's conduct was more serious because the victim suffered serious physical, psychological, and economic harm. The trial court also found on the record that imposition of the minimum sentence would demean the seriousness of appellant's conduct. The record supports these findings.
 {¶ 36} Appellant's third assignment of error is without merit.
 {¶ 37} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.
[1] North Carolina v. Alford (1971), 400 U.S. 25.