OPINION
{¶ 1} James A. Haney, Jr., defendant-appellant ("appellant"), appeals the sentence imposed by the Lake County Court of Common Pleas and the trial court's denial of his motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 {¶ 2} On October 12, 2006, appellant pled guilty to failure to comply with order or signal of police officer, a felony of the third degree, in violation of R.C. 2921.331(B) *Page 2 
and assault, a felony of the fourth degree, in violation of R.C.2903.13(A).[1] At the beginning of the sentencing hearing, appellant attempted to withdraw his guilty plea, but the trial court denied his request.
 {¶ 3} On November 14, 2006, the court sentenced appellant to a three-year prison term for the failure to comply with order or signal of police officer charge and one year on the assault charge, to run consecutive to each other. The trial court also suspended appellant's driver's license for three years and advised appellant that postrelease control is optional. Subsequently, on November 20, 2006, appellant filed a pro se motion to withdraw his guilty plea, which the trial court denied.
 {¶ 4} Appellant filed the timely appeal, raising two assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of the defendant-appellant by denying his pre-sentence motion to withdraw his plea in violation of his due process rights as guaranteed by the Fifth
and Fourteenth Amendments to the United States Constitutions and Sections 10 and 16, Article I of the Ohio Constitution.
 {¶ 6} "[2.] The trial court erred by sentencing the defendant-appellant to the more-than-the minimum term of imprisonment."
 {¶ 7} Withdrawal of Guilty Plea
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in not allowing him to withdraw his guilty plea.
 {¶ 9} Crim.R. 32.1 governs the withdrawal of guilty pleas. It provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is *Page 3 
imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} We apply an abuse of discretion standard in determining whether a trial court was warranted in denying a motion to withdraw a guilty plea. State v. Xie (1992), 62 Ohio St.3d 521, at paragraph two of the syllabus. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we begin our analysis with the understanding that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Xie, at paragraph one of the syllabus. We then consider the following four factors set forth in State v. Peterseim (1980), 68 Ohio App.2d 211: "(1) did the trial court follow Crim.R. 11 and ensure the defendant understood his rights and voluntarily waived those rights by pleading guilty; (2) was the defendant represented by highly competent counsel; (3) was the defendant given a hearing wherein he could assert all arguments supporting his motion to withdraw the plea; and (4) did the trial court give careful consideration to the merits of the defendant's motion?"State v. Bailey, 11th Dist. No. 2004-P-0086, 2005-Ohio-6900, at ¶ 26;State v. Patt, 11th Dist. No. 2002-L-073, 2004-Ohio-2601, at ¶ 10.
 {¶ 12} Reviewing the jurisprudence regarding withdrawals of guilty pleas, we note that the oft cited general rule that such motions are to be treated liberally and freely allowed [Bailey, at 9-10] has lost its potency in part because of the deference we pay to *Page 4 
the trial court under the abuse of discretion standard and because of this court's longstanding adherence to the Peterseim factors. We recognize that we are bound by precedent and we will continue to approve of and apply the factors set forth in Peterseim[2]
 {¶ 13} Under the first Peterseim factor, the trial court "must inform the defendant that by pleading guilty, the defendant is waiving the rights enumerated in Crim.R. 11(C)(2)(c). Moreover, `the waiver must be voluntary, intelligently, and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty.'" Patt at ¶ 12, citing State v. Buchanan (1974),43 Ohio App. 2d 93, 96.
 {¶ 14} The record reveals that in a colloquy with appellant, the court advised appellant of the crimes with which he was charged, what the maximum penalties were for each crime, and informed him that he had the right to request probation but that the request was not guaranteed. The court also advised appellant of the rights he was waiving under Crim.R. 11(C)(2)(c). Prior to accepting his plea, the court provided appellant the opportunity to review the guilty plea form with his attorney. When asked whether he understood the charges against him and what rights he was waiving by entering a guilty plea, appellant answered affirmatively. The trial court fully complied with Crim.R. 11 and ensured that appellant understood his rights and voluntarily waived them.
 {¶ 15} With respect to the second factor, we begin with the premise that a licensed attorney is presumed to be competent. Patt at ¶ 35, citing State v. Kerns (July *Page 5 
14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at 7. Appellant does not claim that his counsel was incompetent nor do we find any evidence of incompetence. Rather, we find that appellant was provided with a full hearing and that defense counsel represented him adequately and acted in a competent manner.
 {¶ 16} Under the third and fourth factors, "prior to ruling upon a motion to withdraw, a `trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" Patt at ¶ 41, citing State v. Haney (Sept. 8, 1995), 11th Dist. No. 95-L-001, 1995 Ohio App. LEXIS 3914, at 5, quotingXie at 527.
 {¶ 17} In this case, appellant told the court he wished to withdraw his guilty plea after the court viewed a videotape of the chase scene that involved appellant and the Willoughby Hills and Willowick police, which ended in a collision with the cruiser. Defense counsel advised the court that appellant wanted to withdraw his plea because he felt he made a "hasty decision." When the court asked appellant why he wanted to withdraw his plea, appellant told the court: "The fact of the video that you've seen and I would like to just withdraw my guilty plea and have a fair trial." The court also asked appellant what his defense was, to which appellant replied: "Well, I'm being accused of running into the officer's car when they ran into me."[3]
 {¶ 18} The court explained to appellant that this "fact" was immaterial to the alleged crimes. Instead, the court stressed to appellant that what was pertinent to the case was his conduct that followed after he committed a minor misdemeanor (shoplifting), which forms the basis of the crimes to which he pled guilty. Because the *Page 6 
videotape showed that appellant fled in an automobile and placed the officers' lives and the public in jeopardy by travelling at a speed of approximately sixty to seventy miles per hour for some distance, the court advised appellant that he had little likelihood of proving that he was not guilty. Under those circumstances, the court denied appellant's motion to withdraw his guilty plea.
 {¶ 19} By stating that he wanted to withdraw his plea so that he would have a fair trial, it appears that appellant simply changed his mind and wanted to have his case heard by a jury.[4] However, "a change of heart is not sufficient to serve as the basis for a motion to withdraw a plea." State v. Gomez (Dec. 5, 1997), 11th Dist. No. 97-L-021, 1997 Ohio App. LEXIS 5450, at 9. Moreover, the argument that appellant had a defense to the crimes he committed is tenuous at best. Under these circumstances, we find that the trial court acted within its discretion in denying appellant's motion to withdraw his guilty plea.
 {¶ 20} We overrule appellant's first assignment of error.
 {¶ 21} Sentencing
 {¶ 22} In his second assignment of error, appellant argues that the trial court erred when it sentenced him to more-than-the minimum sentence and failed to consider the statutory factors when imposing his sentence.
 {¶ 23} Standard of Review: Post-Foster
 {¶ 24} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio struck down Ohio's sentencing statute to the extent that it required judicial fact finding and excised certain portions of the statute. Id. at paragraphs two, four, and six *Page 7 
of the syllabus. The Foster court also held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence in the statutory range. State v. Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v. Taddie, 11th Dist. No. 2006-L-098, 2007-Ohio-1495, at ¶ 12; State v. Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 25} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 26} Review of Sentence
 {¶ 27} Appellant pled guilty to felonies of the third and fourth degree and was sentenced to three years for the third degree felony and one year for the fourth degree felony. The statutory range for felonies of the third degree is one to five years and six to eighteen months for felonies of the fourth degree. (R.C. 2929.14(A)(3), R.C. 2929.14(A)(4).) The range of sentences remains unchanged post-Foster and underFoster, the trial court had full discretion to impose consecutive, or a more than the minimum sentence provided the sentence is within the statutory range. *Page 8 
 {¶ 28} Appellant, nevertheless, argues that his sentence should be overturned because the trial court failed to consider mitigating factors, including the fact that he showed remorse at the sentencing hearing and acknowledged the seriousness of his alcohol addiction. Appellant contends that these factors demonstrate that a less severe sentence should have been imposed. We disagree. In sentencing appellant within the statutory ranges, the court stated that it considered "the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under 2929.12."
 {¶ 29} Pursuant to Foster, the trial court had full discretion to sentence appellant to more than the minimum sentence. SeeWeaver, at ¶ 34-35. Therefore, we find that the trial court acted within its discretion in sentencing appellant to the sentences it imposed.
 {¶ 30} Appellant's second assignment of error is overruled.
 {¶ 31} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J.,
JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Appellant was also charged with one count of petty theft; a second count of assault; and two counts of felonious assault but these remaining counts were nolled.
[2] Appellant urges us to consider the factors set forth by the 5th District in State v. Kimbrough (Mar. 28, 1988), 5th Dist. No. CA-7363, 1988 Ohio App. LEXIS 1383. However, this court adheres to consideration of the Peterseim factors, as we have done consistently over the years.
[3] Appellant also asserted in his brief that his defense was that he did not intend to cause the accident.
[4] Interestingly, Haney had attempted to withdraw another guilty plea in a different case on the day the sentencing hearing had begun, but this court rejected his argument that the plea had been made involuntarily. See Haney, supra. *Page 1