[Cite as *State v. Tamas*, 2023-Ohio-1710.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-A-0070** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| BRANDON JOE TAMAS, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00331 |

## O P I N I O N

Decided: May 22, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Lucas M. Blower*, Brouse McDowell, LPA, 388 South Main Street, Suite 500, Akron, OH 44311 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}   Appellant, Brandon Tamas, appeals the judgment of the Ashtabula County Court of Common Pleas following his conviction for Aggravated Trafficking in Drugs, a first-degree felony in violation of R.C. 2925.03(A)(2). Appellant argues that trial counsel was ineffective by failing to file a motion to suppress evidence of his arrest on the basis that he was unlawfully detained as a passenger during a traffic stop in violation of his Fourth Amendment rights.

{¶2} Having reviewed the record and the applicable caselaw, we find appellant's assignment of error to be without merit. Appellant cannot demonstrate from the record that had his trial counsel filed a motion to suppress evidence, the court would have granted it. Appellant was appropriately detained during the traffic stop for officer safety on the basis that he had admitted at the scene to having a knife on his person. Further, the arresting officer noted that appellant was not wearing a seatbelt, which would constitute a sufficient basis to detain him. Finally, had appellant been permitted to leave the traffic stop, it is likely the officer would have discovered the evidence either in plain view or during a pat down for officer safety.

{¶3} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

{¶4} Appellant was charged with Aggravated Trafficking in Drugs, a first-degree felony in violation of R.C. 2925.03(A)(2). Appellant was arraigned on August 16, 2021, and pled not guilty. Appellant's trial counsel did not file a motion to suppress evidence and the matter proceeded to trial on August 1, 2022.

{¶5} On November 25, 2020, appellant was a passenger in a vehicle subject to a traffic stop. Sergeant Johns of the Ashtabula County Sheriff's Office testified that he observed a vehicle with suspected illegal window tint and initiated a traffic stop. The vehicle pulled into a Pilot gas station on Route 45. Sergeant Johns identified the driver as Joshua Kemmer. He also identified the passenger of the vehicle as appellant. Sergeant Johns stated that during his initial encounter, he asked if there were any weapons in the vehicle and appellant admitted to having a knife on his person.

2

{¶6} Sergeant Johns requested a K9 unit to respond to the traffic stop and he verified that the window tint allowed only 16 percent light transfer rather than the minimum 50 percent opacity. Appellant then asked if he could get out of the vehicle and go into the Pilot gas station. Sergeant Johns testified that appellant was not free to leave the traffic stop until it was over and that he denied his request to get out of the car and walk away. Sergeant John's body camera footage was admitted into evidence. In that footage, Sergeant Johns told appellant that he could not step out of the vehicle because the Supreme Court had authorized the seizure of the driver and passenger of a vehicle upon a traffic stop; he also said that appellant was not wearing a seatbelt and was not free to leave for that reason.

{¶7} Once the K9 unit arrived, Sergeant Johns asked appellant to step out of the vehicle. As appellant stepped out of the vehicle, Sergeant Johns noticed that appellant picked up and put on a backpack when he got out of the car. Based on appellant's admission to having a knife, Sergeant Johns asked where it was located. Upon asking where the knife was located, appellant reached his hand down to his pants pocket. Sergeant Johns then noticed a bag containing a crystal substance which appellant was attempting to shove back into his pocket. Sergeant Johns' body camera captured the footage and showed the bag in appellant's pocket.

{¶8} Sergeant Johns believed the bag contained crystal methamphetamine and placed appellant under arrest. He handcuffed appellant, located the knife, and located a bag of crystal methamphetamine in appellant's pocket along with four thousand dollars in cash.

3

{¶9}   Sergeant Johns Mirandized appellant at the scene and appellant admitted that there were two black magnetic boxes in Kemmer's car that belonged to appellant. He admitted that those boxes contained crystal methamphetamine. According to Bureau of Criminal Investigations analyst Erin Miller, the total weight of methamphetamine recovered was 175.17 grams.

{¶10}  The jury found appellant guilty. He was sentenced on September 1, 2022, to an indefinite prison term of 8 to 12 years.

{¶11}  Appellant timely appealed raising one assignment of error.

## Assignment of Error and Analysis

{¶12}  Appellant's sole assignment of error states:

{¶13}  "Brandon Tamas was denied his constitutional right to effective assistance of counsel because his attorney failed to make a motion to suppress evidence obtained after an unlawful detention."

{¶14}  In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland* at 669.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  A failure to "satisfy one prong of the Strickland test negates a court's need to consider the other."

4

*State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland* at 697.

{¶15} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story, supra*, quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

{¶16} When a defendant files a motion to suppress evidence obtained during a warrantless search, "the state has the burden of showing that the search fits within one of the defined exceptions to the Fourth Amendment's warrant requirement. *Athens v. Wolf*, 38 Ohio St.2d 237, 241, 313 N.E.2d 405 (1974)." *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, 96 N.E.3d 262, ¶ 17-18. In context of ineffective assistance of counsel claims, the record must demonstrate that the motion would have been successful if the issues had been raised. *State v. Howard*, 11th Dist. Lake No. 2019-L-

5

153, 2020-Ohio-5057, ¶ 39, citing *State v. Moon,* 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 28 (collecting cases).

{¶17} The threshold question to determine is whether the motion to suppress would have been successful if raised. If yes, then a reviewing court must also determine that there is a reasonable probability that if trial counsel had filed a motion to suppress, the outcome of the proceedings would have been different. Such a two-tiered inquiry is necessary because an appellant must demonstrate both that a motion to suppress would be successful, indicating that trial counsel's representation was deficient, and that the failure to file the motion affected the outcome of the case, resulting in prejudice to the appellant. *See Strickland, supra*, at 669.

{¶18} The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." Fourth Amendment, United States Constitution. The Ohio Constitution likewise protects against arbitrary government invasions. *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993, ¶ 11, citing *State v. Robinette*, 80 Ohio St.3d 234, 685 N.E.2d 762 (1997). "The touchstone of both is reasonableness." *State v. Brown*, 11th Dist. Lake No. 2020-L-002, 2020-Ohio-5140, ¶ 8, citing *State v. Michael*, 2013-Ohio-3889, 995 N.E.2d 286, ¶ 10 (10th Dist.).

{¶19} "'[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" (Footnote omitted.) *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). "Courts must exclude evidence obtained by searches and seizures that violate the Fourth

6

Case No. 2022-A-0070

Amendment." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 181, citing *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (extending the exclusionary rule to the states). "'The primary purpose of the exclusionary rule is to remove incentive from the police to violate the Fourth Amendment.'" *State v. Eggleston*, 11th Dist. Trumbull, 2015-Ohio-958, 29 N.E.3d 23, ¶ 17, quoting *State v. Casey*, 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586, ¶ 29.

{¶20} "The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" *Pennsylvania v. Mimms*, 434 U.S. 106, 108, 54 L.Ed.2d 331, 98 S.Ct. 330 (1977), quoting *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). In general, an officer may order a passenger out of a vehicle pending completion of a stop. *Maryland v. Wilson,* 519 U.S. 408, 137 L.Ed.2d 41, 117 S.Ct. 882 (1997), syllabus. Further, the danger to an officer from a traffic stop is likely to be greater where passengers are present. *Id.* Under *Mimms*, an officer may request a driver and passenger to step out of a vehicle as a safety precaution. *Mimms,* at 108*; State v. Scimemi,* 2nd Dist. Clark No. 94-CA-58, 1995 WL 329031, *4 (June 2, 1995). (Collecting cases holding that a *Mimms* order applies to passengers.) The order to step out of the vehicle requires no quantum of constitutional suspicion. *State v. Evans,* 67 Ohio St.3d 405, 408, 618 N.E.2d 162 (1993). As an officer may lawfully request that a driver and passenger step out of the vehicle for officer safety, "the underlying rationale * * * supports a holding that an officer may also lawfully request that the driver and passengers *remain in the vehicle* during the stop if the officer determines that remaining in the vehicle is necessary for safety reasons." *Scimemi*, at *4.

7

**{¶21}** Additionally, an officer may request passengers to provide their identity although there is no legal requirement for a passenger to carry identification. *State v. Fry*, 9th Dist. Summit No. 23211, 2007-Ohio-3240, ¶ 16.

**{¶22}** Appellant asserts that his trial counsel was ineffective because Sergeant Johns did not have a reasonable articulable basis to detain him as a passenger of the vehicle during the traffic stop. He argues that his request to leave the vehicle and walk to the Pilot gas station should have been granted and that Sergeant Johns' unlawful detention resulted in the evidence used to charge appellant.[1] Appellant states that had his trial counsel filed a motion to suppress, all of the evidence used to convict him would have been excluded.

**{¶23}** In support of his argument, appellant cites *State v. Wilcox*, 2nd Dist. Clark No. 2011 CA 99, 2012-Ohio-3400. In *Wilcox*, the State appealed the trial court's judgment granting the defendant's motion to suppress. *Id.* at ¶ 1. Wilcox was a passenger in a vehicle stopped for having a continuously blowing horn. The officer stopped the vehicle to determine if the vehicle had an emergency or a malfunction.

**{¶24}** The driver of the vehicle had a suspended license and the officer asked Wilcox if he had a valid license to drive. *Id.* at ¶ 4. He was unresponsive, did not provide his name, and appeared intoxicated. *Id.* Wilcox stepped out of the vehicle, was patted down, and then provided his name. He stated that he needed to urinate and made requests to use a restroom and then attempted to urinate on the curb. *Id.* at ¶ 5. The officer warned Wilcox that he would be arrested for public indecency if he did so. *Id.*

---

1. Appellant has not asserted trial counsel should have filed a motion to suppress Sergeant Johns' search and arrest of appellant.

Case No. 2022-A-0070

Wilcox was told to sit in the vehicle while the officer wrote the driver a ticket. *Id.* A short time later, Wilcox was seen urinating on the curb and was then arrested for public indecency. *Id.* at ¶ 6. Upon his arrest, the officer found drugs on Wilcox's person. *Id.* at ¶ 7.

**{¶25}** The trial court suppressed the evidence because the arrest for public indecency was improper under the circumstances as Wilcox was not committing a criminal act but was responding to a biological function and the situation was "acerbated by the refusal of the officers to allow him to leave to find a more appropriate facility, even though there were no facts justifying the defendant's further detention." *Id.* at ¶ 9.

**{¶26}** The court of appeals affirmed the decision, finding that the officer violated Wilcox's constitutional rights by "insisting that he remain in the car or at the scene of the traffic stop while the driver's citation was issued." *Id.* at ¶ 21. However, the court noted that an officer may be justified in "detaining a passenger at the scene of a traffic stop, where there is some reasonable, articulable basis for doing so. In this case, however, the trial court did not find any such circumstances existed." *Id.* at ¶ 22.

**{¶27}** We find *Wilcox* to be distinguishable from the present case and that appellant cannot demonstrate a reasonable probability of prejudice from trial counsel not filing a suppression motion. First, appellant stated he had a knife, Sergeant Johns verified that the window tint was indeed too dark, and Sergeant Johns observed that appellant was not wearing a seatbelt. This sequence of events indicates that a suppression motion would not have been successful.

**{¶28}** Sergeant Johns' observation that appellant was not wearing a seatbelt would constitute a sufficient independent basis to detain him. *Wilcox, supra*, at ¶ 22; *see*

9

*Cleveland v. Hasan,* 8th Dist. Cuyahoga No. 98490, 2013-Ohio-820, ¶ 5 (a seatbelt violation is a traffic offense).; *see State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 21 (once arresting officer decided to issue Jones a citation for the seat belt violation, it was reasonable for her to detain him to ascertain his identity).

{¶29} Sergeant Johns' knowledge that appellant was armed and his observation that he had committed a traffic offense by failing to wear a seatbelt could justify his decision to detain appellant where he could observe him during the traffic stop for his own safety, and the safety of people in the Pilot facility, rather than letting appellant leave unattended. *See Maryland v. Wilson,* 519 U.S. 408, 137 L.Ed.2d 41, 117 S.Ct. 882 and *Scimemi,* 2nd Dist. Clark No. 94-CA-58, 1995 WL 329031, *4 (officer may request a passenger to step out or remain in vehicle for safety).

{¶30} Unlike in *Wilcox*, where the passenger asked to leave the traffic stop after being identified and patted down for weapons, here appellant asked to leave the vehicle after he had admitted to having a weapon but before he had been patted down for officer safety. Indeed, if Sergeant Johns had permitted appellant to leave the vehicle, he likely would have patted him down and discovered the bag of drugs in his pocket at that time. *See Minnesota v. Dickerson*, 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), quoting *Terry,* 392 U.S. 1, 20, 26, L.Ed.2d 889, 88 S.Ct. 1868.

{¶31} We are mindful that, unlike *Wilcox*, we are not reviewing a trial court's decision to grant or deny a suppression motion. Rather, we determine whether appellant has demonstrated a reasonable probability that he was prejudiced by trial counsel's deficient performance such that filing a motion to suppress would have altered the

10

outcome of the proceedings. *Strickland,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Howard*, 2020-Ohio-5057, ¶ 39.

**{¶32}** In light of the above discussion, appellant has not demonstrated that he was prejudiced by his trial counsel's failure to file a motion to suppress in this case.

**{¶33}** Accordingly, appellant's sole assignment of error is without merit.

**{¶34}** For the forgoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.