**Paul SATTERLY, Plaintiff–Appellant,**

v.

**BORDEN CHEMICAL, INC.,
Defendant–Appellee.**

**No. 00–6574.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2001.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

### ORDER

Paul Satterly, proceeding through counsel, appeals a district court order dismissing his employment discrimination action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Satterly filed a discrimination complaint against Borden Chemical, Incorporated,

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

his former employer. Satterly began his employment with Borden in 1978. In 1983, Satterly was assigned a shift supervisor position. In February 1998, Satterly's position was eliminated due to Borden's decision to reduce the number of shift supervisors. Satterly alleged, however, that his shift supervisor position was eliminated because of his medical condition. Satterly suffers from Reiter's Syndrome, which is a chronic arthritic condition of the bones and soft tissue. Satterly continued to work for Borden until June 1999.

Borden filed a motion for summary judgment, to which Satterly responded. The district court granted Borden's motion and dismissed the case. Satterly has filed a timely appeal. The parties have waived oral argument.

We review the district court's grant of summary judgment de novo. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

"In order to establish a prima facie case of discrimination under the ADA, [a plaintiff] must show 1) that he is disabled; 2) that he is otherwise qualified [to perform his job] with or without reasonable accommodation; 3) that he suffered an adverse employment decision; 4) that [his employer] knew or had reason to know of his disability; and 5) that he was replaced or that his position remained open while [his employer] looked for other applicants." *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir.2000); *see also Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 882–83 (6th Cir.1996). Once the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the employer to articulate some legitimate, non-discriminatory reason for the adverse employment action taken against the plaintiff. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 883. If the employer meets this burden, then the burden shifts back to the plaintiff to prove that the employer's stated reason was a pretext for discrimination. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 883. Although the burden of production shifts, the burden of persuasion remains at all times with the plaintiff. *Plant,* 212 F.3d at 936; *Kocsis,* 97 F.3d at 883.

Upon review, we conclude that the district court properly granted summary judgment in favor of Borden, as Satterly failed to establish that he is disabled within the meaning of the ADA. *See Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 810 (6th Cir.1999); *see also* 42 U.S.C. § 12102(2)(A)-(C); 29 C.F.R. § 1630.2(g). While walking and working are considered major life activities for purposes of the ADA, *see* 29 C.F.R. § 1630.2(i), Satterly presented insufficient evidence that his Reiter's Syndrome condition substantially limits such activities. Although Satterly has difficulty walking and may walk at a slower pace than others, he failed to establish that his ability to walk is substantially impaired. *See Penny v. United Parcel Serv.,* 128 F.3d 408, 415–16 (6th Cir.1997); *see also Moore v. J.B. Hunt Transp., Inc.,* 221 F.3d 944, 951 (7th Cir.2000); *Talk v. Delta Airlines, Inc.,* 165 F.3d 1021, 1025 (5th Cir.1999); *Kelly v. Drexel Univ.,* 94 F.3d 102, 106–08 (3d Cir.1996). Furthermore, Satterly failed to establish that his ability to work is substantially impaired, as neither of his treating physicians imposed any restrictions upon his work.

Accordingly, the district court's order is affirmed.