OPINION
{¶ 1} Betsy Boroff ("Boroff") appeals from the decision and entry granting defendant, Meijer Stores Limited Partnership's ("Meijer") motion for summary judgment, and raises two assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY GRANTING APPELLEES['] MOTION FOR SUMMARY JUDGMENT ALTHOUGH GENUINE ISSUES OF MATERIAL FACT EXIST, RELATING TO THE APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY GRANTING APPELLEES' MOTION FOR *Page 2 
SUMMARY JUDGMENT, ALTHOUGH GENUINE ISSUES OF MATERIAL FACT EXIST RELATING TO THE CREATION OF ATTENDANT CIRCUMSTANCES CREATED BY APPELLEES, PROHIBITING THE APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE.
 {¶ 3} On August 7, 2004, 75-year-old Boroff and her adult daughter were shopping at a Meijer supermarket on the eastside of Columbus. (Boroff's June 13, 2006 depo., at 24.) Boroff apparently frequented this store. See id. Boroff was pushing a shopping cart down one of the main aisles when she stopped to look at a store promo/sale display of salad dressing. Id. at 28. Store pictures taken later illustrate that the merchandise was neatly stacked on top of some type of forklift pallet, and that the display's base was then covered with a decorative "black skirt." After initially not seeing her usual variety of dressing on the front of the display, Boroff looked around and noticed more varieties in a box or boxes behind the boxes of salad dressing at eye level in front of her. Boroff pushed her shopping cart forward, so she could walk around to the other side of the display. As Boroff was walking around to the other side of the display through what she apparently thought was an open space, she tripped over a decorative black skirt surrounding it. Id. at 40-43. Boroff stated that she did not see what caused her fall until after she was on the floor. Id. at 45. The skirt was rigid and plastic, approximately 12 inches high.
 {¶ 4} Boroff sustained injuries to her shoulder, arm, and hips, most notably, a proximal humerus fracture of her left shoulder/arm. (Id. at 60, 74, 75.) She sued the store's owner(s) for damages on a theory of negligence. *Page 3 
 {¶ 5} Meijer moved the trial court for summary judgment on August 14, 2006, and Boroff filed her memorandum contra motion for summary judgment on August 24, 2006. Meijer also submitted a reply memorandum on September 11, 2006. On October 24, 2006, the trial court granted Meijer's motion for summary judgment. Boroff filed a timely notice of appeal with this court on November 14, 2006.
 {¶ 6} Under Civ.R. 56(C), summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion — that conclusion being adverse to the nonmoving party. Burstion v. Chong Hadaway, Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701; Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370.
 {¶ 7} We review the appropriateness of granting a motion for summary judgment de novo. Purcell v. Norris, Franklin App. No. 04AP-1281,2006-Ohio-1473, at ¶ 9; Smiddy v. Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 8} To maintain an action for negligence in this state, a plaintiff has the burden of establishing, by a preponderance of the evidence: (1) that defendant owed plaintiff a duty of care; (2) a breach of that duty; and (3) damages proximately caused by the defendant's breach of duty. See, e.g., Lydic v. Lowe's Companies, Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 7 (citing Menifee v. Ohio Welding Products,Inc. [1984], 15 Ohio St.3d 75, 77). Meijer argues that it owed no duty to Boroff, because the cause of her trip and fall was an open and obvious danger of which she should have been aware. *Page 4 
 {¶ 9} This case is essentially a "slip and fall" occurring in Meijer's place of business. Such cases are controlled by Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. A shopkeeper owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that customers are not unnecessarily or unreasonably exposed to danger. Id. The shopkeeper, however, is not an insurer of absolute customer safety. Id. For example, a shopkeeper owes no duty to protect invitees from dangers "so obvious and apparent" that the invitee should reasonably be expected to discover them, thereby avoiding potential danger. Burstion, supra; Colletti v. J.C. Penney Co.,Inc. (Mar. 9, 1993), Franklin App. No. 92AP-1605 (citingPaschal, at 203-204); see Menifee, supra. In cases where the danger giving rise to plaintiff's cause of action is found to be open and obvious, the open and obvious doctrine obviates the shopkeeper's duty to warn its invitees, and the doctrine acts as a complete bar to a claim for negligence. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80,2003-Ohio-2573, at ¶ 5. It should be noted, however, that the doctrine pre-dates the advent of comparative negligence; thus, its purpose or need is diminished in modern negligence contexts. (Pfeifer, J., concurring in part and dissenting in part):
 In the days of contributory negligence, the "no duty" rule had a role. In an already harsh climate for plaintiffs, it culled many claims lacking legal merit. In the modern era of comparative negligence, it is an archaic throwback better left in the past. There is little need for a bright-line cutoff today. Fault can be apportioned and claims litigated accordingly. It just doesn't make sense that a business would owe an invitee "no duty."
 The rule essentially requires every person entering a store to engage a 360-degree radar system in order to be at all times aware of open-and-obvious dangers. Based on the facts before us, Best Buy apparently expects its patrons to watch *Page 5 
the floor constantly, thereby missing its splashy merchandising. There is no other way to avoid tripping over a rail that is only inches off the floor.
 We have all tripped over something left on the floor by our children, spouse, roommate, or even ourselves. Many times, the item tripped over is in plain sight, open, and obvious. Nevertheless, we trip because we don't see the item. Open-and-obvious dangers are not always seen, and a jury is capable of determining whether the person not seeing an open-and-obvious danger was wholly, partially, or not at fault. The open-and-obvious-danger doctrine is a misnomer, and its use as a complete defense ought to be abrogated. The inquiry about whether a duty is owed in this context should be premised primarily upon whether the defendant has created a foreseeable risk of harm to the plaintiff, not solely on whether a risk, if seen, should have been avoided.
Id. at ¶ 17-19. (Emphasis added.) Notwithstanding Justice Pfeifer's reasoning and analysis, we are bound by the Supreme Court of Ohio's actual holding. As such, if we find that the cause of appellant's fall was "open and obvious," then Meijer essentially owed no duty to Boroff and, as a matter of law, there is no cause of action for negligence.
 {¶ 10} To determine whether a danger was open and obvious, we apply the foreseeability test — whether a reasonably prudent person would anticipate that an injury was likely to result from the performance or nonperformance of an act. See Burstion, (citing Menifee, supra).
 {¶ 11} In Lydic, we held that the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be "open and obvious." Id. at ¶ 10; cf. Colletti, supra. The key factor is determining whether the danger at issue was, in fact, noticeable. See id. Regardless of whether the plaintiff actually noticed the dangerous condition until after falling, this court has usually found that no duty exists if the plaintiff *Page 6 
should have been aware of the condition "if he or she had looked." Id.; see, also, Anderson v. Ruoff (1995), 100 Ohio App.3d 601 (holding that the edge of a hayloft was an open and obvious danger); Prest v. DeltaDelta Delta Sorority (1996), 115 Ohio App.3d 712, 715 (holding that the edge of a roof was an open and obvious danger that a reasonable person would discern, despite the fact that the plaintiff did not); Norman v.BP America, Inc. (Nov. 4, 1997), Franklin App. No. 97APE06-790 (holding that a 6-inch by 2-inch piece of wood used to prop open a door was an open and obvious condition as a matter of law); Austin v. WoolworthDept. Stores (May 6, 1997), Franklin App. No. 96APE10-1430 (holding that the wooden pallet causing plaintiff's fall was open and obvious);Colletti, supra. Although Colletti did not involve an open and obvious danger per se, the case is relevant to our discussion because Colletti slipped on what was purportedly a freshly-waxed floor — i.e., the floor was not wet, and the plaintiff gave deposition testimony that she was aware of no foreign substance on the floor that could have contributed to her fall. Id.
 {¶ 12} The facts in this case are strikingly similar toAustin. In that case, the plaintiff was shopping for kitchen tools. While walking down one of the store's aisles, he switched directions and tripped over a partially-emptied display pallet. Despite the fact that we sympathize with Boroff, the record does not support any conclusion but the one we reached in Austin. According to the pictures of the store display similar to the display which caused Boroff's fall, including the diagram she authored at her deposition along with her testimony, it appears that the "thing" she tripped over was open and obvious. (Boroff Depo., at 36-39; exhibits A, K.) *Page 7 
 {¶ 13} Boroff argues the age-old tort colloquy, you take the plaintiffas she lies. (Appellant's brief, at 15.) This colloquialism is often referred to as the "thin-skull plaintiff," and although it is alive and well, it has no application in this case. See Restatement of the Law 3d, Torts (2005) Section 31. The "thin-skull" or "eggshell" plaintiff theory has no bearing on duty or causation — it applies only to the extent that when a tortfeasor proximately caused the plaintiff's damages, the tortfeasor is liable for any superfluous damages resulting from the plaintiff's abnormal frailty or pre-existing condition. See id. In other words, a thin-skull plaintiff does not increase the defendant's duty owed. Perhaps the extent of Boroff's injuries were exacerbated by her age, and that her diminished mobility contributed to the fall, but according to her own deposition, it appears that she has difficulty even standing without assistance. (Boroff Depo., at 43: "Well, I stopped and turned around and I am holding onto the cart. I must hold onto something always.") That being the case, there is little, if any, precaution the store could have taken that would have prevented Boroff from falling. Because of that fact, the extent of her injuries are irrelevant, since they were not caused as a direct or proximate result of the store's conduct (or lack thereof).
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} In her second assignment of error, Boroff argues that the store's display and its immediate surroundings were intentionally designed as a "distraction," and that taken as a whole, the distraction constituted an "attendant circumstance," barring the application of the open and obvious doctrine ("In essence, Appellees created a visual *Page 8 
safe [sic] passage for Appellant, when in fact, Appellees had set atrap"). (Appellant's brief, at 12; emphasis added.) We disagree.
 {¶ 16} Appellant correctly points out that attendant circumstances can act as an exception to the open and obvious doctrine. See Cummin v.Image Mart, Inc., Franklin App. No. 03AP-1284, 2004-Ohio-2840, at ¶ 8 (citing McGuire v. Sears, Roebuck Co. [1996], 118 Ohio App.3d 494,498). The attendant circumstance doctrine applies if something beyond the plaintiff's control contributes to the fall — other than, or in addition to, the open and obvious danger. See Cummin; Backus v. GiantEagle, Inc. (1996), 115 Ohio App.3d 155, 158. The attendant circumstances which counsel for Boroff argues excuses Boroff from being aware of where she was walking are nothing more than pallets of product which were placed in the main aisle of the store with price tags on the pallets indicating the sale price. Some of the pallets were stacked up to eye height with product. Some of the pallets had less product on them. Some may have had all the product originally on them removed by earlier shoppers or store employees. All were surrounded by a 12 inch high black skirting of rigid plastic.
 {¶ 17} Boroff had been in the store for an hour or more before she fell. She had traveled from the front of the store to the back. She had been in the store on many other occasions. She was pushing a shopping cart which she and her daughter had filled with items. Boroff describes her peripheral vision as excellent, but she suffers from some deterioration of her central vision.
 {¶ 18} For some reason, Boroff did not think to look before she stepped into a space which was not piled high with products. She apparently assumed the space was *Page 9 
empty, without looking. The photographs of the aisle were taken approximately one week later, but described by Alison Boroff as showing the aisle and its pallets as being the same as on the day of the fall. The photographs show the pallets placed side by side with no bare floor space between them. Also, Boroff was sitting on a pallet immediately after the fall.
 {¶ 19} The attendant circumstances here do not create a duty of care which was violated by Meijer or its affiliated business entities.
 {¶ 20} Appellant's second assignment of error is overruled.
 {¶ 21} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER, P.J., and BROWN, J., concur. *Page 1