OPINION
{¶ 1} Appellant, Raymond D. Lee, appeals the sentence imposed on him by the Geauga County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} Procedural History
 {¶ 3} On August 23, 2006, the Geauga County Grand Jury handed down a five count indictment against Mr. Lee, charging him with: two counts of burglary, one being a felony of the second degree, in violation of R.C.2911.12(A)(1), and the other being a felony of the fourth degree, in violation of R.C. 2911.12(A)(4); two counts of *Page 2 
impersonating a police officer, one of which was a felony of the third degree, in violation of R.C. 2929.51(E), and the other being a misdemeanor of the fourth degree, in violation of R.C. 2921.51(B); and one count of petty theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A).
 {¶ 4} The charges stemmed from different incidents where Mr. Lee identified himself as a Trumbull County corrections officer and entered the homes of the victims, under the guise of working undercover, indicating that he was looking for escapees.
 {¶ 5} Mr. Lee pled guilty to the lesser included offense of burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3); to the fourth degree burglary count, in violation of R.C. 2911.12(A)(4), and to the lesser included offense of impersonating a peace officer, a felony of the fourth degree, in violation of R.C. 2921.51(D). The trial court referred the matter to the adult probation department for a pre-sentence investigation, ordered that Mr. Lee's $10,000 cash or surety bond be continued and set the matter for sentencing.
 {¶ 6} At the sentencing hearing on January 11, 2007, defense counsel advised the court that until 1979, Mr. Lee led a law-abiding life. Then, following a divorce and after undergoing two hip surgeries in 2002, Mr. Lee started abusing crack cocaine, other drugs and alcohol. Defense counsel stated that Mr. Lee underwent a mental health evaluation and was found to be depressed. Defense counsel further advised the court that Mr. Lee has started to seek spirituality and drug counseling. Defense counsel asked the court to impose community control sanctions. Mr. Lee made a statement to the court expressing his remorse and stating that he did not intend to hurt anyone or to steal anything during the commission of the crimes. *Page 3 
 {¶ 7} The court sentenced Mr. Lee to a five-year prison term on the third degree burglary charge, with up to three years post-release control, and to a $750 fine. The court also sentenced Mr. Lee to eighteen months each on the remaining two charges (burglary of the fourth degree and impersonating a peace officer), each sentence to be concurrently served. Mr. Lee filed a timely appeal, raising one assignment of error:
 {¶ 8} "The trial court erred when it sentenced Raymond Lee to a maximum sentence of five years."
 {¶ 9} Standard of Review Post-Foster
 {¶ 10} In State v. Foster, 109 Ohio St.3d 1, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence in the statutory range. State v. Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, at ¶ 24; State v. Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v. Taddie, 11th Dist. No. 2006-L-098, 2007-Ohio-1495, at ¶ 12; State v. Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 11} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute *Page 4 
its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} We recognize that although the abuse of discretion standard will govern most post-Foster sentencing appeals, there are certain, limited circumstances in which the clear and convincing standard that was left unexcised by Foster, pursuant to R.C. 2953.08(G)(2)(b), would still apply. For instance, if it is determined that a sentence is contrary to law because the sentence falls outside the applicable range of sentencing, and the trial court has failed to even consider R.C.2929.11 and the factors enumerated in R.C. 2929.12, then the matter must be reviewed under the clear and convincing standard of R.C.2953.08(G)(2)(b).
 {¶ 13} Since R.C. 2953.08(G)(2)(b) does not apply to such judicial factfinding, but instead refers to errors in law, this statute survives with respect to the appellate standard of review of such errors. Thus, where it is to be argued the trial court's conduct was contrary to law, we are to apply a clear and convincing standard of review. However, if the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point. This is because "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. In sum, we continue to adhere to our prior holdings in which we have applied the abuse of discretion standard of review in a post-Foster appeal where the trial court considered R.C.2929.11 and the factors set forth in *Page 5 
R.C. 2929.12, but recognize that the clear and convincing standard of review remains viable in those very limited circumstances where the sentence is contrary to law.
 {¶ 14} Review of Sentence
 {¶ 15} Mr. Lee challenges the trial court's decision to impose on him the five-year maximum sentence for his third degree burglary conviction. Pursuant to R.C. 2929.14(A)(3), the statutory range for a third degree felony is between one to five years.
 {¶ 16} In sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." The court must also consider the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 17} Pursuant to Foster, "[although a trial court is required to consider the seriousness and recidivism factors, the court does not `need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" State v. Lewis, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, at ¶ 24, citing State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 46, citing State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16. Thus, there is no longer a mandate for judicial fact-finding. "The court is merely to `consider' the statutory factors, along with "any other relevant factors." Foster, at 13-14. Thus, "in exercising its discretion, a court is merely required to `consider' the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12." State v. Lloyd, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, at ¶ 44. *Page 6 
 {¶ 18} Mr. Lee contends that the trial court abused its discretion in sentencing him to the maximum sentence for his third-degree burglary, because it failed to consider the seriousness and recidivism factors under R.C. 2929.12. Specifically, Mr. Lee argues that imposing the maximum sentence was an abuse of discretion where the evidence failed to establish that Mr. Lee's conduct was more serious than conduct normally constituting the offense; that no one suffered any physical or emotional harm from his conduct; and that the evidence shows that Mr. Lee did not intend or expect to cause physical harm to person or property.
 {¶ 19} We disagree and find that the trial court properly considered and reviewed the factors set forth in R.C. 2929.12 and acted within its discretion in sentencing Mr. Lee to the five-year maximum sentence for the burglary conviction. At the sentencing hearing, and prior to imposing the sentence, the record demonstrates that the trial court considered the relevant statutory mandates prior to imposing its sentence.
 {¶ 20} The court was particularly troubled by the manner in which Mr. Lee entered the unsuspecting homes of the victims while acting under the guise of a correctional officer. The trial court stated: "I am looking at the seriousness, the recidivism, and what I consider to be a sinister pattern of behavior here of pretending to be someone, preying on the trust of these poor people out there in the countryside. When a cop comes to their door, their first instinct is to help him. And you used that trust and you abused that trust to actually enter their houses. And on one of them, Jean Giles is 80 some years old. She was traumatized by this incident."
 {¶ 21} In its judgment entry, the court reiterated that prior to imposing its sentence, it considered the entire record, the pre-sentence investigation report, the *Page 7 
victim impact statements, the purposes and principles underlying sentencing as set forth in R.C. 2929.11 as well as the seriousness and recidivism factors of R.C. 2929.12. Because the trial court considered the purposes of sentencing and the statutory guidelines of R.C. 2929.12, and sentenced Mr. Lee within the statutory range for the crime of burglary, we cannot say that the trial court's determination is an abuse of discretion.
 {¶ 22} Mr. Lee's assignment of error is overruled.
 {¶ 23} The judgment of the Geauga County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only with Concurring Opinion.