{¶ 58} I concur with the result reached in the majority's opinion. However, I write separately concerning the appropriate standard of review for felony sentencing. For the reasons set forth in the majority's opinion, I agree that R.C. 2953.08(G)'s clearly-and-convincingly/contrary-to-law standard still applies to appellate review of felony sentences, particularly in regards to the type of error presented by this case. However, I also believe that the abuse-of-discretion standard may be applicable to other types of error presented for review.
 {¶ 59} The majority's opinion does not entertain the possibility that both the clearly-and-convincingly/contrary-to-law and abuse-of-discretion standards of review are viable. I believe both standards still exist depending on the type of error presented for review.
 {¶ 60} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, at paragraph 7 of the syllabus, the Ohio Supreme Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." (Emphasis added.) In addition, it stated "[o]ur remedy does not rewrite the statutes, but leaves courts with fulldiscretion to impose prison terms within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact that Blakely prohibits." (Emphasis added.) Id. at ¶ 102.
 {¶ 61} Interestingly, even before Foster, the Ohio Revised Code indicated that the sentencing court has discretion concerning the effectiveness of sanctions. R.C. 2929.12 sets forth factors to consider in felony sentencing. It begins:
 {¶ 62} "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) *Page 14 
and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." (Emphasis added.) R.C. 2929.12(A).
 {¶ 63} Given that R.C. 2929.12 gives a court sentencing a felony offender "discretion to determine the most effective way to comply with the purposes and principles of sentencing," it seems to naturally follow that a reviewing court would review such a decision for an abuse of discretion, as it does in other contexts in which the trial court has discretion concerning certain determinations. As Judge Burt W. Griffin and Professor Lewis R. Katz have pointed out in their handbook on felony sentencing law, a "limited area for `abuse of discretion' review does remain." Griffin Katz, Ohio Felony Sentencing Law (2007), Section 10:21.
 {¶ 64} The reasons they offer for this conclusion are persuasive. This type of determination "depend[s] upon detailed knowledge about the effectiveness and availability of various local sentencing resources, the repeated experiences of the sentencing judge with various sanctions and offenders, the personal qualities of the particular offender, and subsequent strategies that the sentencing judge may use if the chosen local sanctions prove ineffective or if the judge desires to grant judicial release from prison. That knowledge is much more likely to reside in the sentencing judge than in appellate courts or the Supreme Court." Griffin Katz, Ohio Felony Sentencing Law (2007), Section 10:21.
 {¶ 65} Albeit for different or unstated reasons, other appellate districts agree and have concluded that the existence of both standards of review is possible. For example, the Eleventh District Court of Appeals, while stating that the abuse-of discretion standard will govern most post-Foster felony sentencing appeals, has found that there are limited circumstances in which the clearly-and-convincingly/contrary-to-law standard would apply. State v.Lee, 11th Dist. No. 2007-G-2761, 2007-Ohio-6736, at ¶ 12. The Eleventh District reasoned that one instance in which the latter standard would apply is "if it is determined that a sentence is contrary to law because the sentence falls outside the applicable range of sentencing, and the trial court has failed to even consider R.C. 2929.11 and the factors *Page 15 
enumerated in R.C. 2929.12, then the matter must be reviewed under the clear and convincing standard of R.C. 2953.08(G)(2)(b)." Id. See, also,State v. McLaughlin, 3d Dist. No. 3-06-19, 2007-Ohio-4114, ¶ 12
("Foster altered the appellate court's standard of review formost sentencing appeals from `clear and convincing' to `abuse of discretion.'") (Emphasis added.); State v. Lewis, 2d Dist. No. 2006CA0119, 2007-Ohio-6607, ¶ 12 (indicating both standards are applicable by stating, "there does not exist clear and convincing evidence in this record that the trial court acted in an arbitrary, unreasonable, or unconscionable manner in imposing a six year prison sentence. No abuse of discretion has been demonstrated.").
 {¶ 66} Based on the Ohio Supreme Court's pronouncement inFoster that sentencing courts have full discretion, R.C. 2929.12's allowance of discretion in determining the most effective way to comply with the purposes and principles of sentencing, Judge Griffin and Professor Katz's reasoning, and other appellate districts acceptance of both standards, I conclude that the abuse-of-discretion is a viable standard of review in addition to the clearly-and-convincingly/contrary-to-law standard. Here, the trial court's consideration of an element of the crime as the sole basis for imposition of the maximum term of imprisonment did not concern its discretion in determining the effectiveness a maximum term would have upon this offender. Nor was it an act that could be construed in some way as being unreasonable, arbitrary, or unconscionable. In my view, it was simply an error of law. Therefore, I find the error presented by the circumstances of this case to be clearly and convincingly contrary to law under R.C. 2953.08(G)(2) and would reserve the abuse-of-discretion standard for those types of error involving the application of the R.C. 2929.12 factors in determining the most effective way to comply with the purposes and principles of sentencing. *Page 1