{¶ 1} Phillip Sheridan is a lieutenant with the Jackson Township Division of Fire. He is the oldest member of the fire department, having served since 1978. Last year, Sheridan interviewed for a newly-created captain position, but the department passed on him in favor of a slightly younger, and arguably less qualified colleague. Sheridan sued for age and disability discrimination. The department moved for summary judgment, arguing that Sheridan was insubordinate, among other things, and that discrimination played no part in their decision. The trial court granted summary judgment to the *Page 2 
department, and this appeal ensued. Because Sheridan has failed to demonstrate that age or disability was the determining factor in the fire department's decision to promote his colleague, we affirm the decision of the trial court.
 {¶ 2} Sheridan assigns two errors for our review:
 [I.] The common pleas court committed reversible error when it determined that a reasonable jury could not find in Mr. Sheridan's favor on his claim of disability discrimination.
 [II.] The common pleas court committed reversible error when it determined that a reasonable jury could not find in Mr. Sheridan's favor on his claim of age discrimination.
 {¶ 3} We review the appropriateness of granting a motion for summary judgment de novo, using the same standard used by the trial court.Boroff v. Meijer Stores Ltd., Partnership, 10th Dist. No. 06AP-1150,2007-Ohio-1495, ¶ 7; Smiddy v. Wedding Party, Inc. (1987),30 Ohio St.3d 35. Under Civ. R. 56(C), summary judgment is appropriate when, after construing the evidence most strongly in favor of the nonmoving party: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion — that conclusion being adverse to the nonmoving party. Boroff, at ¶ 6 (citing Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389).
 {¶ 4} It is not clear whether Sheridan is seeking relief under the federal Americans with Disabilities Act ("ADA"), or its state law equivalent. However, both statutes are nearly identical. See, e.g.,Shaver v. Wolske Blue (2000), 138 Ohio App.3d 653. Indeed, the Ohio Supreme Court holds that we may look to cases and regulations interpreting the ADA when interpreting the Ohio anti-discrimination statutes. Id. (citing Columbus Civil Serv. Comm. v. McGlone (1998),82 Ohio St.3d 569, 573). *Page 3 
 {¶ 5} To establish a prima facie case of disability discrimination under R.C. 4112.02, a plaintiff must show that: (1) the employee was disabled, (2) that the employer took adverse employment action against the employee, which was caused, at least in part, by the employee's disability; and that (3) despite the disability, the employee can safely and substantially perform the essential functions of the job, with or without a reasonable accommodation. Id. at 571; Hood v. DiamondProducts, Inc. (1996), 74 Ohio St.3d 298, 302.
 {¶ 6} Not every physical or mental impairment constitutes a "disability" within the meaning of the ADA, even though the person may have an impairment that involves one or more of his major life activities. See, e.g., Sutton v. United Air Lines, Inc. (1999),527 U.S. 471, 488-490, 119 S.Ct. 2139 (over turned on other grounds);Albertson's, Inc. v. Kirkingburg (1999), 527 U.S. 555, 564-567,119 S.Ct. 2162; and Murphy v. United Parcel Serv., Inc. (1999),527 U.S. 516, 521, 119 S.Ct. 2133.
 {¶ 7} "A `disability' exists only where an impairment `substantially limits' a major life activity, not where it `might,' `could,' or `would' be substantially limiting if mitigating measures were not taken. A person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently substantially limits a major life activity. * * *" Sutton, at 482. The key phrase in determining whether the employee has a disability is substantiallylimiting — "not in a trivial or even moderate manner, but in a major way[.]" Gonzales v. Natl. Bd. of Med. Examiners (C.A.6, 2000),225 F.3d 620, 627, fn.12.
 {¶ 8} In this case, Sheridan is claiming that he has a disability based on the fact that he has undergone several foot/ankle surgeries. Although he stated that these *Page 4 
medical problems prevent him from running, mowing the lawn, or walking long distances without pain, the fact remains that he can still perform the duties of his job with the fire department. (See Sheridan Depo. I, at 55-56.) Mere difficulty in standing or walking is not sufficient to establish a substantial limitation on the major life activity of walking. See Brown v. BKW Drywall Supply, Inc. (S.D.Ohio 2004),305 F.Supp.2d 814, 825. Even moderate difficulty in walking may not establish a substantial impairment. See Satterly v. Borden Chem.,Inc. (C.A.6., 2001), 24 Fed.Appx. 471, 472 (holding that difficulty walking, or having to walk at a slower pace than others failed to establish a substantial impairment). Because Sheridan is able to perform his occupational duties — fighting fires — it is difficult to conclude that he has a disability of the substantially limiting variety. This precludes relief under the ADA. We, accordingly, overrule the first assignment of error.
 {¶ 9} The second assignment of error concerns age discrimination, and similarly, does not specify whether relief is sought under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 623(a)(1) or R.C. 4112.02(A). In either circumstance, to make out a prima facie case of discrimination, the plaintiff must prove that he: (1) was a member of a protected class; (2) sustained adverse employment action; (3) was qualified for the position; and (4) was replaced by, or the position was given to, a person not belonging to the protected class. See, e.g.,Williams v. General Elec. Co. (S.D. Ohio 2003), 269 F.Supp.2d 958, 966.
 {¶ 10} Sheridan is 57 years old, which puts him within the protected class of persons over 40. We do not need to consider, however, whether he sustained adverse employment action or was qualified for the position, because the person who was given *Page 5 
the job Sheridan applied for was 50 years old — also a member of the protected class. Neither the ADEA nor R.C. 4112.02(A) require that employers hire the oldest candidate for the position. Thus, Sheridan has failed to prove the elements of an age discrimination claim. For that reason, we overrule the second assignment of error.
 {¶ 11} We sympathize with Sheridan to the extent that he is arguably more qualified, objectively speaking, than the individual promoted to captain by the fire department; but be that as it may, it does not violate the ADEA, the ADA, R.C. 4112.02, or any other statute that we are aware of. Having overruled both assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and McGRATH, JJ., concur. *Page 1