[Cite as *State v. Smith*, 2023-Ohio-1533.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF RAVENNA, | CASE NO. 2022-P-0034 |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Municipal Court, Ravenna Division |
| - vs - | |
| SHAPRICE N. SMITH, | Trial Court No. 2021 CRB 02579 R |
| Defendant-Appellant. | |

## O P I N I O N

Decided: May 8, 2023
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul J. Mooney*, 6579 Wilson Mills Road, Mayfield Village, OH 44143 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}   Appellant, Shaprice Smith, appeals her convictions of Domestic Violence, a first-degree misdemeanor in violation of R.C. 2919.25(A), Resisting Arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A), and Obstructing Official Business, a second-degree misdemeanor in violation of R.C. 2921.31(A).   Appellant specifically contends that she was denied her Constitutional right to testify at trial and that she was denied effective assistance of counsel.

{¶2} For the following reasons, we affirm the judgment of the Portage County Municipal Court, Ravenna Division.

{¶3} The City of Ravenna charged Appellant on three counts: (1) Domestic Violence; (2) Resisting Arrest; and (3) Obstructing Official Business. At arraignment, Appellant pled not guilty to all counts.

{¶4} On May 16, 2022, the court held a jury trial. The state presented the testimony of three witnesses: Appellant's daughter ("the victim") and the two responding peace officers. The state presented evidence of the peace officer's body cameras, which showed: Appellant with the victim's hair in her hand; Appellant refusing to comply with orders to let the victim go; Appellant refusing to give her name to the peace officers; Appellant resisting arrest; two officers handcuffing her; and Appellant spitting, vomiting, and yelling at the peace officers while they drove her to the police department. The state rested its case.

{¶5} The defense noted that "* * * we're not going to be presenting Ms. Shaprice on the stand." The defense then rested its case without offering any witnesses on Appellant's behalf.

{¶6} The jury found Appellant guilty on all counts.

{¶7} On June 16, 2022, the court held a sentencing hearing.

{¶8} At sentencing, Appellant interrupted the court several times indicating that she wanted to speak and not proceed with sentencing. The court explained to her that she would have to wait her turn to speak. The court then allowed Appellant to speak on her own behalf. Appellant relayed to the court: "I don't feel like I was represented good, correctly, however you want to look at it. There were things that [the victim] was able to

2

talk about that [trial counsel] said that I couldn't say nothing about, and then when I found out that we couldn't ask [the victim] about none of this stuff that she brought up it was too late. Then [trial counsel] said I couldn't go up there. He wouldn't let me go up there. He said he had no questions to ask me if I went on the stand."

{¶9}    The court proceeded with sentencing and sentenced Appellant to a $250.00 fine, 180 days in jail (suspended), and 12 months probation.

{¶10}   Trial counsel asked if he could explain Appellant's allegations that he did not allow her to testify at trial.  The following exchange occurred:

> TRIAL COUNSEL: Your Honor, I would like to very briefly make a record. I know in our conversation Ms. Smith said that I had not allowed her to testify because I didn't have questions. That is an incorrect recollection of what happened. I asked her that -- or rather I advised her that it would not be in her best interest likely because she has the right to remain silent and under the circumstances I thought it might offer more harm than good so I advised her of her rights.
>
> THE COURT: All right, thank you. Ms. Smith, your attorney is offering his opinion there simply for purposes of establishing the record.
>
> DEFENDANT: Yeah, well that wasn't 100 percent to what he said, but it was along those lines, but I don't feel like when [the victim] was up there and she was talking and we couldn't -- I couldn't get out my questions that I felt like [trial counsel] should ask her in the time it mattered because he was up there so when she left and I said, well can we ask her, he said no it was over and like, c'mon man, she talking about stuff that you said I couldn't talk about so you know like -- and then I couldn't bring character witnesses who she hit in the head with a hammer, when she tried to fight my mom so I felt like that was -- a lot of that was like you could have seen the person that she really is and how I didn't want to deal with that that day at all for nothing in the world that I wanted to deal with.
>
> THE COURT: Okay, I understand.

{¶11}  Appellant timely appeals and raises two assignments of error.

Case No. 2022-P-0034

**{¶12}** First assignment of error: "The Appellant was denied due process when she was prevented from testifying at her criminal trial."

**{¶13}** We first note that trial counsel cannot deny a defendant due process when counsel "prevents" a defendant from testifying in her own behalf because "[t]he right to testify is personal to the defendant, [and] may be relinquished only by the defendant * * *." *United States v. Webber*, 208 F.3d 545, 550-551 (6th Cir.2000). "The defense counsel's role is to advise the defendant whether or not the defendant should take the stand, but it is for the defendant, ultimately, to decide." *Id.* at 551.

**{¶14}** Moreover, "* * *a defendant's constitutional right to testify is contingent upon a timely demand by the defendant." *State v. Stewart*, 11th Dist. Ashtabula No. 2001-A-0011, 2002-Ohio-3842, ¶ 53; *see State v. Lute,* 4th Dist. No. 15CA3715, 2016-Ohio-7978, 76 N.E.3d 664*,* ¶ 26 (holding that a defendant has a right to testify in his or her own behalf at trial *if he or she chooses.* (Emphasis added)). The Ohio State Supreme Court has held "that a trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." *State v. Bey*, 85 Ohio St.3d 487, 499, 709 N.E.2d 484 (reasoning that a defendant is not denied his right to testify when there is nothing in the record to support that the defendant "misunderstood or was unaware of his right to testify" or that he "wanted to testify and was denied the opportunity to do so.") "When, however, a defendant acquiesces in counsel's decision not to testify at trial, a defendant cannot later assert that his right to testify at trial has been violated." *State v. Stewart*, 2002-Ohio-3842, ¶ 53. "As with any other constitutional right, the right to testify may be waived." *Id.* "Of course, a defendant has the right to overrule his counsel's wishes and may, at his choosing, take the stand in his own behalf." *Id.*

4

**{¶15}** Appellant had the right to testify (or not) in her own behalf notwithstanding her trial counsel's advice on the matter. In this case, the record reflects that Appellant waived her right to testify and acquiesced in trial counsel's advice that he not call her to testify. This is supported by Appellant agreeing at sentencing that trial counsel advised her that testifying would not be in her best interest. The record also does not support the notion, nor does Appellant assert that, she asserted her right to testify at trial and was denied that right. At no time during trial did Appellant express any desire on the record to testify in her own behalf. There is also nothing in this record to suggest that Appellant was unaware of her right to testify in her own behalf. Thus, we consider this right waived.

**{¶16}** Appellant's first assignment of error is without merit.

**{¶17}** Second assignment of error: "The Appellant was denied effective assistance of counsel when her counsel refused to have the Appellant testify at her criminal trial and when counsel failed to present character evidence."

**{¶18}** In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland* at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A failure to "satisfy one prong of the Strickland test negates a court's need to consider the other."

5

*State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland* at 697.

{¶19} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story, supra*, quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

{¶20} We first address Appellant's argument that trial counsel was ineffective because he did not "allow" her to testify in her own defense.

{¶21} As explained under her first assignment of error, the record reflects that Appellant acquiesced in trial counsel's advice that he not call her to testify and thereby waived her right to testify. Additionally, "[w]hile a defendant has a fundamental right to testify on his own behalf if he wishes, *State v. Bey*, 85 Ohio St.3d 487, 499, 709 N.E.2d 484 (1999), the decision of whether to have the defendant testify is also an important

6

'tactical decision.'" *Id.*, quoting *Brooks v. Tennessee*, 406 U.S. 605, 612, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972). Ohio Appellate Courts have held that the decision to call a defendant to testify at trial (or not) remains within the purview of trial strategy. *State v. Carpenter*, 6th Dist. No. E-00-033, 2002-Ohio-2266, ¶ 68; *State v. Mabry*, 9th Dist. Medina No. 2514-M, 1996 WL 577701 (Oct. 9, 1996). Regardless, Appellant waived her right to testify in her own defense.

{¶22} We next address Appellant's argument that trial counsel was ineffective because he failed to offer character witnesses to the jury.

{¶23} "The decision to call witnesses is within the province of counsel's trial tactics." *State v. McKay*, 11th Dist. No. 2001–A–0008, 2002–Ohio–3960, at ¶ 43. "Debatable strategic and tactical decisions will not form the basis for a claim of ineffective assistance of counsel, even if there had been a better strategy available." *Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643. "As such, the failure to call a witness will not be grounds for a claim of ineffective assistance of counsel unless prejudice is shown." *McKay*, at ¶ 42, citing *State v. Williams*, 74 Ohio App.3d 686, 695, 600 N.E.2d 298 (1991).

{¶24} Appellant asserts that trial counsel should have offered character witnesses to show "the victim's corrupt behavior" and Appellant's "normal motherly nature." Appellant failed to show how testimony of the victim's behavior would have changed the outcome of the trial. Appellant only infers that character witnesses would have explained to the jury the "turbulent and chaotic mother-child relationship" and that the victim "hit somebody in the head with a hammer" and tried to fight Appellant's mother. This is notwithstanding the fact that the state offered evidence, the body cameras, which showed Appellant committing each crime of which she was convicted. Appellant was not

7

Case No. 2022-P-0034

prejudiced by the absence of character witnesses because the evidence she describes does not disprove any element of the charges and the trial's outcome would not have changed.

{¶25} Appellant's second assignment of error is without merit.

{¶26} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

8