[Cite as *State v. Strull*, 2024-Ohio-1118.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,
CITY OF ASHTABULA,

Plaintiff-Appellee,

- vs -

STEPHEN ARTHUR STRULL, II,

Defendant-Appellant.

**CASE NOS. 2023-A-0044
2023-A-0047
2023-A-0048**

Criminal Appeals from the
Municipal Court

Trial Court Nos. 2021 TRC 01426 A
2021 TRC 01426 B
2021 TRC 01426 C

---

## O P I N I O N

Decided: March 25, 2024
Judgment: Reversed and remanded

---

*Cecilia M. Cooper*, Ashtabula City Solicitor, and *Catherine R. Colgan*, Assistant Ashtabula City Solicitor, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Stephen Arthur Strull, II*, pro se, 6405 South Main Street, Apt. 7, P.O. Box 111, North Kingsville, OH 44068 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Stephen Arthur Strull, II ("appellant"), appeals his convictions and sentences for operating a vehicle while under the influence and traffic control lights. For the following reasons, we reverse and remand.

{¶2} A complaint was filed in the Ashtabula Municipal Court on June 1, 2021, charging appellant with two counts of Operating a Vehicle While Under the Influence, first-degree misdemeanors, pursuant to R.C. 4511.19(A)(1)(a) and R.C. 4511(A)(1)(h),

Counts A and B, respectively, and Traffic Control Lights, a minor misdemeanor, pursuant to R.C. 4511.13(C), Count C.

{¶3} The following day, appellant appeared at arraignment without counsel. The trial court read the complaint and explained appellant's statutory rights. Appellant entered not guilty pleas on all counts. A $1,500 personal recognizance bond was set with the condition that appellant could not operate a motor vehicle without a court order and participation in NAP.[1]

{¶4} On December 14, 2021, appellant's counsel filed a motion to suppress. A hearing was held on January 21, 2022. The judge overruled the motion to suppress at the conclusion of the hearing. A supplemental motion to suppress was filed on August 16, 2022. A second hearing was held on November 1, 2022. On January 23, 2023, appellant's counsel filed a motion to determine competency to stand trial. A competency evaluation was filed on March 3, 2023. A status hearing on competency was held on March 17, 2023.

{¶5} Acting pro se, appellant filed a motion in limine on May 9, 2023, and a motion for continuance on May 30, 2023. The trial court denied the motion for continuance as moot the following day. Appellant subsequently filed a written waiver of counsel on June 1, 2023. On June 2, 2023, the case proceeded to a jury trial. Appellant appeared pro se with standby counsel.

{¶6} During trial, the State presented the testimony of the arresting officer, Trooper Hayes, and several exhibits, including the dash cam video, the citation, and the breathalyzer results. After the State rested its case-in-chief, appellant was asked if he was calling any witnesses. He indicated that he was not going to take the stand but

---

1. Notification of Active Probationers program.

2

Case Nos. 2023-A-0044, 2023-A-0047, 2023-A-0048

wanted to introduce several exhibits. The trial court asked appellant if he was resting his case, and appellant responded, "[a]s far as I wanted to assure that the weather, and the instructions for the Intoxilyzer, I believe it would be important to read the instructions for the Intoxilyzer 8000. Just a couple things about instructions - -" The judge then asked: "[s]o are you moving to submit some exhibits into evidence?" Appellant responded in the affirmative. When it became clear that certain exhibits would not be introduced without testimony, the appellant asked if he could change his mind and testify. The trial court denied that request because appellant had rested his case. A close reading of the record shows that defendant neither said he rested nor appeared to understand that he may have previously foreclosed his ability to testify.

{¶7} At the conclusion of the trial, the jury found appellant guilty on counts A and B. The trial court found appellant guilty on Count C. A drug/alcohol and mental health assessment was ordered.

{¶8} Sentencing was held on July 27, 2023. The trial court sentenced appellant to 90 days in jail with 84 days suspended and one year of probation on Count B. Appellant's driver's license was suspended for one year.[2]

{¶9} Appellant filed his notice of appeal on August 10, 2023. Upon limited remand from this court, the trial court issued a nunc pro tunc entry, indicating that appellant was convicted of all counts, that Counts A and B merged for purposes of sentencing, and that the State elected to proceed on Count B.

{¶10} Appellant raises the following 11 assignments of error:

---

2. Transcripts from the sentencing hearing were not made part of the record.

[1.] The trial court made an error by deciding that the defendant broke the law by proceeding through a malfunctioning traffic control light.

[2.] The trial court made an error by deciding there was reasonable suspicion for the stop and probable cause for the arrest.

[3.] They did not allow me to testify!!! [sic]

[4.] The judge did not allow me to be labeled as an experienced witness concerning the matter of tampering with video footage.

[5.] They tampered with the breathalyzer evidence.

[6.] They also erred by showing the jury the inadmissible evidence. Plus I never got the whole discovery.

[7.] The judge did not allow a continuance when I really needed it and I am certain that it was in compliance. I think this was due to myself not being able to read her sloppy handwriting.

[8.] I needed the breathalyzer certificate to bring to the jury trial but no one ever gave it to me.

[9.] They did not let me bring in all my relevant credible evidence.

[10.] The judge did not let the jury decide if it was legal to go through a broken light. Also, she did not allow me to read the law on red light to show the jury my mind set why I went through the light.

[11.] The judge and Mrs. Cooper and Lori Lamer tag teamed and were biased so badly through the whole thing.

{¶11} The assignments of error will be addressed out of order.

4

Case Nos. 2023-A-0044, 2023-A-0047, 2023-A-0048

{¶12}  In the third assignment of error appellant asserts the trial court did not allow him to testify.[3]

{¶13}  "A defendant in a criminal case has the due process right to take the witness stand and to testify in his or her own defense. *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); *Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971)." *State v. Lute*, 2016-Ohio-7978, 76 N.E.3d 664, ¶ 19 (4th Dist.). "The right to testify and to present a complete defense also may implicate the Confrontation Clause of the Sixth Amendment. See *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)." *Id.*

> A defendant's right to testify is not without limitation and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. One such interest is the trial court's authority to exercise reasonable control over the mode and order of presenting evidence in order to insure that the proceedings are effective for the ascertainment of the truth. See Evid.R. 611(A)(1). Thus, a trial court has some discretion in ruling on a party's motion to reopen their case and present evidence out of its regular order. *Columbus v. Grant* (1981), 1 Ohio App.3d 96, 97, 439 N.E.2d 907; *State v. McMahon* (Apr. 14, 1993), Scioto App. No. 92 CA 2075, unreported. In exercising its discretionary power in this regard, a trial court must give due consideration to the defendant's constitutional right to due process. Restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve. *Rock v. Arkansas, supra,* at 49. See, also, *State v. Sinkfield* (Sept. 1, 1993), Montgomery App. No. 13180, unreported.

*State v. Skeens*, 4th Dist. Lawrence No. 95CA24, 1997 WL 243488, *4 (May 6, 1997).

{¶14}  "Moreover, '* * * a defendant's constitutional right to testify is contingent upon a timely demand by the defendant.' *State v. Stewart*, 11th Dist. Ashtabula No. 2001-

---

3. Appellant's brief does not comply with App.R. 16(A)(7). He provides no citation to the record or any case law to support to his argument.

5

Case Nos. 2023-A-0044, 2023-A-0047, 2023-A-0048

A-0011, 2002-Ohio-3842, ¶ 53; *see* * * * *Lute* * * * [at] ¶ 26 (holding that a defendant has a right to testify in his or her own behalf at trial *if he or she chooses.* (Emphasis added)).” *State v. Smith*, 11th Dist. Portage No. 2022-P-0034, 2023-Ohio-1533, ¶ 14.

{¶15} “‘[A] trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense.’” *Id.*, quoting *State v. Bey*, 85 Ohio St.3d 487, 499, 709 N.E.2d 484 (reasoning that a defendant is not denied his right to testify when there is nothing in the record to support that the defendant “misunderstood or was unaware of his right to testify” or that he “wanted to testify and was denied the opportunity to do so”). “As with any other constitutional right, the right to testify may be waived.” *Stewart* at ¶ 53.

{¶16} In *Skeens*, the defendant sought to testify after the defense had rested. The Fourth Appellate District held: “Yet because the case had not yet been presented to the jury for its deliberation, we believe the appellant’s right to full access to the courts required expeditiousness to take a back seat to the exercise of his substantive right to testify. * * * Because the denial of the right to testify affects a fundamental constitutional interest, we must determine whether it results in error *per se, i.e.,* automatic reversal, or if it is subject to a harmless error analysis.” *Id.* at *5.

{¶17} The *Skeens* Court determined that it was subject to harmless error analysis.

{¶18} Specifically, the Court concluded:

> [W]e do not believe a defendant who waits until the matter has been submitted to the jury retains an absolute right to testify. This case * * * presents a difficult question of whether error *per se* is involved. Given the fact that the issue here involves reopening the case after both parties had rested, we conclude use of the harmless error analysis is appropriate, even though it seems at first blush to constitute a structural defect. In sum, because there is no evidence in

6

the record to establish that appellant was precluded from taking the stand before the parties had rested, we conclude this error is more in the nature of a trial error rather than a structural defect.

*Id.* at *5.

{¶19} In *Skeens*, the defense presented several witnesses in their case-in-chief. The appellate court ultimately determined that the error was harmless beyond reasonable doubt in light of the overwhelming evidence of the defendant's guilt. *Id.* at *7.

{¶20} In the instant case, the following exchange took place outside the presence of the jury after the State had rested its case:

> [APPELLANT]: If it's okay, I decided that I don't really think I'm gonna be a witness myself. But there were just a couple of questions I was gonna ask Officer Hayes about the malfunction. Am I allowed to do that, ask Officer Hayes again?
>
> [TRIAL COURT]: No. No, he's - -
>
> [APPELLANT]: So he's done testifying.
>
> [TRIAL COURT]: Yes. You've already cross examined him. Yes.
>
> [APPELLANT]: Alright. Okay. Alright. As far as that goes, if I'm not allowed to ask about the malfunction stuff - - As far as, I'm not gonna testify.
>
> [TRIAL COURT]: Okay.
>
> [APPELLANT]: I'm not gonna come up under oath, because I mean I've talked a lot, and I don't want to take the good juror's time by saying too much. I feel like I stated a lot of stuff. I don't want to take too much of your time. So I don't think I'll testify.
>
> [TRIAL COURT]: Okay. Alright. So are you resting your case?
>
> [APPELLANT]: As far as I wanted to assure that the weather, and the instructions for the Intoxilyzer, I believe it would be important to read the instructions for the Intoxilyzer 8000. Just a couple things about instructions - -

7

Case Nos. 2023-A-0044, 2023-A-0047, 2023-A-0048

[TRIAL COURT]: So are you moving to submit some exhibits into evidence?

[APPELLANT]: Yes, Your Honor. I am doing that.

T.p., p.131-132.

{¶21} Appellant then sought to introduce several exhibits. The State objected to the introduction of Defendant's Exhibit A. The following exchange occurred:

[STATE]: There's be[en] no foundation laid for the admission of Document A.

[APPELLANT]: I did testify, though, Your Honor - -

[TRIAL COURT]: You haven't testified yet, Mr. Strull.

[APPELLANT]: as far as - -

[TRIAL COURT]: And you just stated you're not testifying, so - -

[APPELLANT]: Can I change my mind about that? Testify then?

[TRIAL COURT]: No.

[APPELLANT]: I can't?

[TRIAL COURT]: You just rested your case.

[APPELLANT]: I - -

[TRIAL COURT]: Okay. So - -"

T.p, p. 133.

{¶22} The trial court then proceeded to rule on the admission of Defendant's Exhibit A.

8

{¶23} The State argues in its brief that the trial court did not deny appellant the right to testify but instead denied a request to reopen the case after the appellant rested. We disagree.

{¶24} First, appellant did not express on the record he was resting his case but instead indicated that he wished to introduce exhibits. Therefore, this court is not convinced that appellant rested his case. Further, the trial court also told appellant that he had not testified *yet*. Based on this exchange, it is not evident in the record that appellant understood his right to testify or understood that he was waiving that right. Where a criminal defendant seeks to testify prior to resting their case and is denied the opportunity to do so, it is reversible error.

{¶25} It is arguable that appellant rested his case, since appellant sought to discuss the admission of exhibits, and this generally occurs once the party rests their case. As such, this court will also review for harmless error.

{¶26} Crim.R. 52(A) defines harmless error and provides: "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." A reviewing court must evaluate prejudice to the defendant to determine whether substantial rights were affected. *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23, 27. Reviewing courts shall focus on the impact the error had on the verdict and the strength of the remaining evidence. *Id.* at ¶ 25.

{¶27} In *State v. Lute*, 2016-Ohio-7978, the Fourth District determined that the denial of a defendant's request to testify, which occurred prior to the State beginning closing arguments, was error. In *Lute,* the defense rested its case after calling a witness, but without calling the defendant to the stand. *Id.* at ¶ 22.

**{¶28}** The Fourth District Court of Appeals determined:

> Given the circumstances of this case—especially the fact that the first trial in which Lute testified resulted in a hung jury and a mistrial—the denial of Lute's right to testify did affect his substantial rights. Accordingly, after reviewing the entire record, we cannot conclude that the trial court's error in denying Lute the right to testify was harmless beyond a reasonable doubt. This decision is not a comment in support of either Lute's or the State's version of facts; rather, this decision is written to preserve the right to testify in one's defense as a fundamental constitutional right.

*Id.* at ¶ 32.

**{¶29}** While factually similar in certain respects, there are some distinguishing features. Unlike *Skeens*, appellant did not present any witnesses. Unlike *Lute*, appellant did not have a prior trial wherein he was permitted to testify and which resulted in a hung jury.

**{¶30}** In the instant case, the State presented a single witness, the arresting officer, as well as several exhibits. Appellant, without formally resting his case, attempted to introduce several exhibits, and a single exhibit was admitted into evidence. Appellant presented no other witnesses. While the State may only need to present a single witness to prove their case beyond a reasonable doubt, in consideration of the denial of a defendant's right to testify where the defendant did not present any other witnesses, we conclude that the denial affected his substantial rights. Considering the defendant's assertions, we cannot conclude that the trial court's denial of his right to testify is harmless beyond a reasonable doubt. *Lute* at ¶ 32. As the Fourth Appellate District acknowledged, "this decision is written to preserve the right to testify in one's defense as a fundamental constitutional right" and is not an endorsement of one set of facts over another. *Id.*

10

Case Nos. 2023-A-0044, 2023-A-0047, 2023-A-0048

{¶31} Further, even if we construe the exchange between appellant and the trial court as a request to reopen his case, we conclude that the trial court's denial of the request was an abuse of discretion. "It is well-established that the trial court, in maintaining reasonable control over the mode and presentation of evidence, has wide discretion to permit evidence to be offered out of order. * * * This includes the decision to allow a party to reopen its case to present additional proof." *State v. Howard*, 12th Dist. Warren No. CA2009-11-144, 2010-Ohio-2303, ¶ 12. A trial court's decision on party's motion to reopen their case is reviewed for an abuse of discretion. *Id.* An abuse of discretion is "'the trial court's "failure to exercise sound, reasonable, and legal decision-making."'" *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). The trial court abused its discretion when it denied appellant's request, effectively barring him from presenting his case to the trial court. As such, appellant's third assignment of error has merit.

{¶32} Because we have determined that the third assignment of error is dispositive, the remaining assignments of error are overruled as moot.

{¶33} For the reasons set forth above, the judgment of the Ashtabula Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

11

Case Nos. 2023-A-0044, 2023-A-0047, 2023-A-0048